T.C. Summary Opinion 2010-63


UNITED STATES TAX COURT


MATTHEW HARRIS AND DEBORAH M. MACE-HARRIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17418-08S.                    Filed May 19, 2010.


Matthew Harris and Deborah M. Mace-Harris, pro sese.

<u>Robert V. Boeshaar</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2004 respondent determined a deficiency of $15,551 in petitioners' Federal income tax and an addition to tax of $3,887.75 pursuant to section 6651(a)(1). The issues for decision[1] are whether petitioners: (1) Are entitled to a deduction of $46,100 for losses sustained in a joint venture; and (2) are subject to the addition to tax pursuant to section 6651(a)(1).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When petitioners filed their petition, they resided in the State of Washington.

Petitioners filed their 2004 Form 1040, U.S. Individual Income Tax Return, on or about October 17, 2006. They subsequently amended their 2004 return on or about May 11, 2007. On their amended return petitioners claimed on Schedule C, Profit or Loss From Business, $46,100 of cost of goods sold (CGS), reflecting losses sustained from a joint venture agreement.

---

[1]Respondent conceded that Matthew Harris (petitioner) is entitled to a deduction for commission fees paid to his daughter. Petitioner conceded that he is not entitled to a deduction for claimed commission fees paid to Deborah Mace-Harris.
    Petitioner's self-employment tax adjustment is a computational adjustment and will be resolved consistent with the Court's decision.

Petitioner entered into a joint venture agreement (agreement) dated January 19, 2004, with Jebuni Import[2] (Jebuni) to develop and execute a purchase contract with Fred Meyer, a regional multidepartmental store, for manufactured goods. Petitioner agreed to provide funds for the upfront costs of manufacturing the goods, and Jebuni agreed to purchase the material and hire the artisans. The agreement specified that when Jebuni obtained payment from Fred Meyer, Jebuni would repay petitioner for his original investment, and petitioner would also receive a 30-percent share of the proceeds.

On October 8, 2004, Fred Meyer executed a purchase order with Jebuni for the manufactured goods. The purchase order specified that the goods were to be shipped on February 20, 2005.

Petitioner provided funding for the venture and Jebuni manufactured the goods consistent with their agreement. Jebuni delivered the goods to Fred Meyer and was paid for the delivery. But Jebuni never repaid petitioner his advance funding or paid over his share of the proceeds.

Respondent issued to petitioners a notice of deficiency disallowing petitioners' claimed CGS for 2004 and $4,357 of petitioners' claimed deduction for commissions and fees of $4,607.

---

[2]Jebuni was involved in ch. 13 bankruptcy proceedings throughout 2004.

## Discussion

### I.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[3]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Although petitioner characterized the claimed loss as CGS and respondent did not correct this characterization,[4] petitioner's funding for the agreement did not constitute CGS.[5]

---

[3]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax.

[4]Respondent's counsel continually referred to CGS as "a Schedule C deduction".  As we explained in Lawson v. Commissioner, T.C. Memo. 1994-286, CGS is taken into account in computing gross income and is not an item of deduction.  See also Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987).

[5]Sec. 263A provides the rule for inclusion in inventory costs of certain expenses.  The direct cost of:  (1) Property produced by the taxpayer; or (2) property acquired by the taxpayer for resale, which is inventory in the hands of the taxpayer, shall be included in inventory costs.  Sec. 263A(a)(1), (b).  Petitioner did not produce or acquire property for resale during 2004.  Jebuni manufactured the goods and sold them to Fred Meyer.  Petitioner simply provided funds for the upfront costs for the manufacture of the goods pursuant to the joint venture agreement, and Jebuni was the party responsible for manufacturing and selling the goods.

Petitioner's investment, rather, resulted in a loss and if properly substantiated may be deductible pursuant to section 165. See sec. 165(a), (c).

II. <u>Loss Deduction</u>

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See <u>INDOPCO, Inc. v. Commissioner</u>, <u>supra</u> at 84; <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction. See <u>Hradesky v. Commissioner</u>, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. With respect to individuals, deductions for losses are limited, as is relevant here, to losses incurred in any transaction entered into for profit. Sec. 165(c). In order for the loss to be deductible, the loss must be evidenced by a closed and completed transaction, fixed by an identifiable event, and actually sustained during the taxable year. Sec. 1.165-1(b), Income Tax Regs. A loss shall be allowed as a deduction under section 165(a) only for the taxable year in which the loss is sustained. Sec. 1.165-1(d)(1), Income Tax Regs.

Petitioner presented records and testified that he provided Jebuni with the funds necessary to manufacture the goods pursuant

to their agreement.  The Court is satisfied that petitioner has substantiated that he paid Jebuni $10,100[6] in 2004 pursuant to their agreement.  Accordingly, if petitioner sustained a loss attributable to the joint venture agreement in 2004, he will be entitled to deduct the amount of the loss.

Petitioner claimed on his 2004 amended return, filed in 2007, a loss related to the agreement with Jebuni and argued that he sustained the loss in 2004 because Jebuni was in bankruptcy during 2004.

Petitioner's agreement with Jebuni specified that the agreement "shall continue until the Venture is completed"[7] and that "After the collection of all proceeds from the Venture are completed" petitioner would receive repayment of the advance funding.  Under the Fred Meyer purchase order the shipment date for the goods was not until February 20, 2005; thus, the purchase order was not complete until Jebuni shipped the goods on February 20, 2005.  Jebuni was not obligated to pay petitioner until there

_____

[6]Petitioner testified that he sent six wire transfers to Jebuni in 2004.  He provided copies of two wire transfer receipts totaling $10,100, with Jebuni as the beneficiary.  Petitioner authorized the four remaining wire transfers via telephone and consequently did not obtain wire transfer receipts for those transfers.  Instead, petitioner obtained a signed letter from his bank confirming that in 2004 he authorized four wire transfers via telephone in favor of Jebuni.  But the letter did not indicate the amounts of the remaining four wire transfers.

[7]The Venture, according to the agreement, refers to the sale of manufactured goods to Fred Meyer.

was a closed and completed transaction pursuant to their agreement upon delivery of the goods. See Gorman v. Commissioner, T.C. Memo. 1990-136; Casey v. Commissioner, T.C. Memo. 1988-170, affd. without published opinion 876 F.2d 899 (11th Cir. 1989); Carpenter v. Commissioner, T.C. Memo. 1981-551. Petitioner could be certain of nonpayment and realize a loss only after Jebuni satisfied the Fred Meyer purchase order, received payment from Fred Meyer, and then refused to pay petitioner. The certainty of nonpayment did not occur in 2004; therefore, petitioner did not sustain a loss in 2004. Accordingly, respondent's determination is sustained.

III. Section 6651(a)(1) Addition to Tax

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164. In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, supra.

Once the Commissioner meets his burden of production regarding the addition to tax, the burden of proof remains on the taxpayer, who must prove that the failure to file was: (1) Due to reasonable cause; and (2) not due to willful neglect. Sec.

6651(a)(1); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985);
<u>Higbee v. Commissioner</u>, <u>supra</u> at 446-447.

A failure to file a timely Federal income tax return is due
to reasonable cause if the taxpayer exercised ordinary business
care and prudence and nevertheless was unable to file the return
within the prescribed time. <u>Barkley v. Commissioner</u>, T.C. Memo.
2004-287; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful
neglect means a conscious, intentional failure or reckless
indifference. <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioner's 2004 Federal income tax return was due on April
15, 2005, and was not filed until on or about October 1, 2006.
Therefore, respondent has met his burden of production.

Petitioner testified that when his father passed away in
2004, petitioner traveled to Philadelphia on several occasions to
assist his mother, who had difficulty dealing with the tragedy.
Although the Court commends petitioner in assisting his mother
during this difficult time, petitioners presented no additional
evidence as to why they could not, 1 year following the passing
of petitioner's father, timely file their return. In addition,
they did not file their return for a full year and a half after
the due date of the return and failed to present additional
reasonable cause for their failure to timely file their return as
required by section 6651(a)(1). Accordingly, respondent's

determination of an addition to tax under section 6651(a)(1) is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.